## NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEV MARKOVICH LOUKHTON, | |
| | Civil Action No. 07-663(SDW) |
| Plaintiff, | |
| v. | |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALES, Director, United States Citizenship and Immigration Services (CIS), ANDREA QUARANTILLO, Newark District Director, CIS; Robert S. Mueller, Director Federal Bureau of Investigation (FBI); | August 13, 2007 |
| | **OPINION & ORDER** |
| Defendants. | |

**WIGENTON,** District Judge.

Pro Se Plaintiff Lev Markovich Loukhton has filed a Petition for Hearing on Naturalization Application, pursuant to 8 U.S.C. §1447(b), seeking to expedite the adjudication of his naturalization application. Defendants have filed a Motion to Dismiss or Remand. Plaintiff has filed no opposition. The Court, having considered the submission and having decided the motion without oral argument pursuant to Fed. R. Civ. P. 78, and for the reasons set forth below, denies Defendants' Motion to Dismiss and grants Remand of this matter to CIS with instructions.

1

**LEGAL STANDARD**

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), this Court must "review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." Geisler v. Neri, WL 1612819, at *2, (D.N.J. 2007)(citing Turicentro, S.A. v. Am. Airlines Inc., 303 F.3d 293, 300 (3d Cir. 2002)).  Under Rule 12(h)(3), the Court is required to dismiss the action whenever it appears that the court lacks subject matter jurisdiction.  Fed.R.Civ.P. 12 (h)(3).

**DISCUSSION**

*Basic Statutory Framework*, Section 1447(a) and the term 'Examination'

A lawful permanent resident is eligible for naturalization as a United States citizen if he (1) satisfies the five-year statutory residency requirement; (2) has resided continuously in the United States from the date of application to the time of admission as a citizen; and (3) is of good moral character.  8 U.S.C. §1427(a).  To become a citizen, the applicant must file an application for naturalization (Form N-400).  8 U.S.C. §1445(a); 8 C.F.R §334.2.  Citizen and Immigration Services ("CIS") must then conduct a background investigation, including a review of all pertinent immigration and police records and a neighborhood investigation.  8 U.S.C. §1446(a); 8 C.F.R. §335.1.  Lastly, the applicant must be interviewed by an examiner. 8 U.S.C. §1446(d).  During this interview the applicant must successfully complete testing with regard to the statutory requirements of English proficiency and knowledge of United States history and government.  8 U.S.C. §1423(a).  It is significant that CIS has adopted a regulation requiring that an initial examination on an applicant's naturalization application occur **only after** CIS has received a definite response from the FBI that a full criminal background check, called the name

check ("check"), has been completed.  8 C.F.R. §335.2(b).  During that examination, the service officer conducting the exam shall record "the tests administered to the applicant on English literature and basic knowledge of the history and government of the United States."  8 C.F.R. §335.2©.  Further, "a decision to grant or deny the application shall be made **at the time of the initial examination** of the applicant for naturalization or within 120 days of the date of the initial examination under § 335.2 ."  8 C.F.R. §335.3(a).

Plaintiff is a lawful permanent resident.  On or about July 27, 2005, he applied for U.S. citizenship and was later interviewed on March 7, 2006 where he passed his English proficiency and U.S. history and government tests.  He is awaiting final determination of his application because his check has not been completed.  Plaintiff argues that Defendants have violated 8 U.S.C. §1447(b) because more than 120 days have lapsed since his examination and no adjudication has been made as to his application.  The relevant statute provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court . . . for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. §1447(b).

Plaintiff contends the 120 day period has been violated as no timely determination has been made on his application.  Defendants move to dismiss on the basis that this matter is not ripe for resolution and that this Court lacks subject matter jurisdiction because the performance of the check must be complete to trigger the 120 day period and cites to a 1997 appropriations requirement that the completion of the check must be performed before adjudication of an application for naturalization can occur.  See Pub.L.05-119, Tit. I, Nov. 26, 1997, 111 Stat. 2448.

Defendants argue that CIS understands 'examination' pursuant to §1446(b) to refer to the entire investigative process - which consists of the interview, completion of the check and the forwarding of the results to CIS for an adjudication - and has conducted preliminary interviews to resolve English language and U.S. government and history proficiency prerequisites. (Defendants' Brief at 7.)  Defendants further raise arguments concerning statutory spirit and purposes concerning national security and good moral character, as well as the doctrine of absurd results.  In the alternative, Defendants seek remand so that the check may be completed. Although Plaintiff has filed no opposition to Defendants' motion, this Court must consider the issue raised and can only grant Defendants' motion if supported by law.

Whether this Court has jurisdiction over this matter depends on the statutory meaning of the term "examination", as used in 8 U.S.C. §1447(b).  "A court interpreting a federal statute must first attempt to give that statute its plain meaning unless doing so leads to clearly unintended and absurd results." United States v. Abraham, 29 F.Supp.2d 206, 210 (D.N.J. 1998).  It is well established that

> [b]ecause it is presumed that Congress expresses its intent through the ordinary meaning of its language, every exercise of statutory interpretation begins with [the] plain language of the statute itself.  Where the statutory language is plain and unambiguous, further inquiry is not required, except in the extraordinary case where a literal reading of the language produces an absurd result.  Moreover, a court may depart from the plain language of a statute only by an extraordinary showing of contrary congressional intent in the legislative history.

Idahoan Fresh v. Advantage Produce, Inc., 157 F.3d 197, 202 (3d Cir. 1998)(citations omitted).

Aside from this Court's recent decisions, the issue of whether the 120 days tolls at the initial examination or upon completion of the check was previously addressed by the Honorable Stanley R. Chesler, U.S.D.J., in Kheridden v. Chertoff, et. al., Slip Copy 2007 WL 674707

(D.N.J.). There is no Third Circuit Court of Appeals decision on this issue in our district.[1]

In Kheridden, the court rejected defendants arguments that performance of the check must be complete to trigger the 120 day period.[2] The court reasoned:

> First, the language of Section 1447(b) suggests that an examination is a distinct, single event, and not an ongoing process which encompasses the interview as well as the background investigation. 8 U.S.C. § 1447(b) gives a district court jurisdiction over a naturalization case "[i]f there is a failure to make a determination [on the application] before the end of the 120 day period after *the date* on which the examination is conducted." (Emphasis added). The implication of this language is that the "examination" occurs on a "particular, identifiable date." Further, the 120 day adjudication time period would be meaningless if the "examination" were an ongoing process, as there would be no "date" upon which the examination is "conducted".
>
> Second, the statutory scheme describing the naturalization process uses two distinct words, "examination" and "investigation", to discuss the steps of the naturalization process. 8 U.S.C. §1446(a) addresses the "investigation" of the applicant, while 8 U.S.C. §1446(b) addresses the "examination." Use of these distinct terms and discussion of these terms in separate sections of the statute indicates that "examination" and "investigation" are not one continuous event, but instead separate and distinct events. In addition, 8 U.S.C. §1446 further differentiates between the two. Whereas an "examination" must be conducted by an employee of CIS designated by the Attorney General, an "investigation" may be conducted by an employee of CIS or an employee of the United States designated by the Attorney General. **Interpreting the word "examination" as a process, rather than a specific event occurring on a specific date, does not comport with the plain meaning of the statute**.

---

[1] A recent Fifth Circuit decision interpreted the 120 day period as beginning at the completion of the check, not the initial interview. Walji v. Gonzalez et. al., 489 F.3d 738, 741 (D.Tex. 2007). However, a decision of another circuit is not binding in this court. See Kinder Morgan Liquids, et al. v. Borough of Carteret, 2006 U.S.Dist. Lexis 22300 (D. NJ. March 30, 2006) (stating "this court is not bound by decisions issued by the First Circuit. This court is bound by Third Circuit decisions"); In Re Mariel Cuban Habeas Corpus Petitions, 822 F.Supp. 192, 195 (M.D.Pa.)(stating "a decision of the Tenth Circuit [] is not binding in this court"). A Third Circuit federal district court is bound only by the pronouncements of the Third Circuit Court of Appeals. UTI Corp. v. Fireman's Fund Ins. Co. et. al., 896 F.Supp 362, 379 (D.NJ. 1995).

[2] Most districts addressing this issue have so concluded. Kheridden, supra, at 3 (citations omitted).

Kheridden, supra, at 3-4 (citations omitted) (emphasis added).

Therefore, based on the plain language of the statute, this Court is not persuaded by Defendants' arguments and continues to join the majority of district courts[3] and holds that "examination" refers to a specific event, the applicant's interview with CIS, rather than the ongoing process.

Defendants further contend that since the issue presented in this matter implicates CIS's construction of the statute which it administers, its interpretation should be given deference. See Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844 (1984). However, if the intent of Congress is clear, effect must be given to that intent. Id. at 842-43. If the statute at issue is silent or ambiguous, the question becomes whether CIS's interpretation is based on a permissible construction of the statute. Id. at 843. To merit deference, **an agency's interpretation of the statute must be supported by "regulations, rulings, or administrative practice**." Connecticut General Life Ins. Co. v. Commissioner of Internal Revenue, 177 F.3d 136, 143 (3d Cir. 1999)(citations omitted)(emphasis added). **A court "will not defer to 'an agency counsel's interpretation of a statute where the agency itself has articulated no position on the question**." Id. at 143-44 (emphasis added)[4]. Further, "deference to an agency's interpretation of its own regulations is 'tempered by our duty to independently insure that the agency's interpretation comports with the language it has adopted. Id. at 144 (citation omitted).

---

[3] District courts have continued to hold the 120 days begins to toll after the examination even post - Walji. See, e.g., Yang v. Chertoff, Slip Copy, 2007 WL 1974943 (S.D.Cal. July 2, 2007)(remanding to CIS with instructions to determine naturalization application within 120 days); Al-Mohammed v United States Citizenship and Immigration Service, Slip Copy, 2007 WL 2004866 (E.D.Mich. July 9, 2007)(remanding to CIS with instructions to determine naturalization application within 120 days)

[4] Defense Counsel has failed to submit a certification or other documentation setting forth CIS's interview/examination policy or interpretation thereof in support of its Motion to Dismiss.

A court must also defer to an agency's consistent interpretation of its own regulation unless it is plainly erroneous or inconsistent with the regulation.  <u>Director, Office of Workers Comp. Program v. Eastern Associated Coal Corp.</u>, 54 F.3d 141, 147 (3d Cir. 1995)(citations omitted). Greater deference is given to an administrative agency's interpretation of its own regulation than statute.  <u>Id.</u>  However, deference will not be given when such interpretation "strains the plain and natural meaning of the words."  <u>Id.</u>

A reading of the relevant regulations does not support Defendants' interpretation of the 120 day period.  As further reasoned in <u>Kheridden</u>,

> CIS's own regulations indicate a difference between the "examination" and the "investigation," weakening the argument that the examination includes the criminal background check.  For example, 8 C.F.R. 335.2(b) is entitled "Completion of criminal background checks before examination," and specifically states that the FBI background check must be completed before examination," and specifically states that the FBI background check must be completed before the applicant is notified to appear for his or her examination on the naturalization application."  Another section of the C.F.R. states "A decision to grant or deny the application shall be made at the time of the initial examination of the applicant for naturalization under § 335.2."  The plain language of this section instructs CIS that the 120 day period begins to run after the initial examination, and not after the conclusion of the entire examination process.

<u>Kheridden</u>, <u>supra</u>, at 4.

Defendants' arguments of <u>Chevron</u> deference have previously been rejected by at least one other court.  <u>Ouili v. Department of Homeland Sec.</u>, Slip Copy, 2007 WL 2259335 (E.D. Mich. Aug. 2, 2007)(stating examination is not synonymous with interview).  The regulations are clear ----- the examination is given after the check is completed.  In addition, while Defendants argue that they have conducted preliminary interviews to resolve English language and U.S. government and history proficiency prerequisites, the C.F.R. regulation indicates that these tests are given at the examination.  8 C.F.R. §335.2©.

To read the statute as Defendants urge would render it meaningless and lead to an absurd result.  As reasoned in Silebi,

> If the triggering date were the date on which the entire process was concluded, irrespective of the interview date, the applicant would have no recourse for delays.  Moreover, if CIS completed all steps timely, but did not make a determination on the application, the applicant would have no notice that the process had been completed, and would be unable to determine whether it was the proper time to apply to the district court.

Silebi De Donado v. Swacina, 486 F.Supp.2d 1360, 1364-65 (S.D.Fla. 2007) (citation omitted).

While this Court is mindful of the backlog and increased requests presented to the FBI with regard to conducting these checks, to avoid the 120 day quandary CIS simply need not schedule the interview until all components of the check is complete - as set forth in the regulations.  See Omar v. Mueller, Slip Copy 2007 WL 2212860 (D.N.J. July 31, 2007) (stating that upon inquiry to CIS due to cancellations of his interview, plaintiff was advised his check was still pending).

The deferential standard analysis with regard to the statute is triggered only if the statute at issue is ambiguous.  As in the instant case, where statutory language is plain, further inquiry is unnecessary unless a reading of the statute leads to an absurd result.  Because this Court finds a plain reading of the statute warrants a conclusion that the 120 day period begins at the completion of the initial interview, further inquiry is not needed, as a plain reading of the statutory language does not produce an absurd result.  Further, the regulations are clear - an application can not be adjudicated without a completion of the check and the check must be performed before the examination.  Any requirement that the check be conducted before naturalization can occur is of no moment since this Court can mandate that CIS take specific

action in the alternative of determining the application itself pursuant to 8 U.S.C. §1447(b).[5]
CIS has not articulated a position on the 'examination' and the interpretation set forth by its counsel is not supported by the regulations. In fact, it is contrary to the regulations. For the reasons previously stated above, here the statute is not ambiguous and even if it were, CIS's interpretation is not reasonable. Accordingly, Defendants interpretation can not be maintained against the statute's plain language and CIS's construction of 'examination' as an on-going process will not be adopted.

In the instant matter, over 120 days have elapsed since Plaintiff's March 7, 2006 examination. In light of all these determinations, this Court has jurisdiction. 8 U.S.C. 1447(b); Kheridden, supra. Therefore, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

*REMEDY*

Pursuant to §1447(b), this Court may either determine the matter of naturalization or remand the matter to CIS with instructions as to proceeding forward. 8 U.S.C. 1447(b). Plaintiff requests this Court adjudicate his naturalization application. Defendants have argued that this Court should decline to do so and remand to CIS with no instructions. This Court will not adjudicate Plaintiffs' applications, as the FBI checks have not been completed. This component is an integral part of the process of naturalization and against the backdrop of a post 9/11 era,

---

[5] As will be discussed, infra, in this case the check was not complete and therefore the Court will not adjudicate the naturalization application. However, if this case involved an applicant who had successfully completed the testing prerequisites and obtained clearance through the check but CIS had not adjudicated the application after 120 days, this Court would have jurisdiction to adjudicate the application itself and such action would not be contrary to the statute and regulations. Other courts have determined adjudication is proper. Alghawi v. Gonzales, Slip Copy, 2007 WL 2288056 (W.D. Washington Aug. 6, 2007) (denying motion to dismiss or remand and setting evidentiary hearing).

necessary.  The check is also statutorily required, pursuant to 8 U.S.C. §1446(a).  This Court is not equipped to conduct such a check and to adjudicate the application without this integral component would be contrary law.  Nevertheless, this Court is concerned that this process is being delayed by the failure to conduct the check, as Plaintiff's application has been pending 17 months since his examination.  While this is not 3 years as in Kheridden, supra, the delay makes a remand with instructions warranted.  Therefore, at this juncture, this Court will remand this matter to CIS with instructions to use its best efforts to determine the status of Plaintiff's check and expedite this process.  Once CIS receives the results of the check, it is directed to make a decision on Plaintiff's application as expeditiously as possible, but no later than 60 days after receipt of the check result.  This Court will retain jurisdiction to consider alternative remedies shall these efforts prove fruitless.

**CONCLUSION**

For all the reasons set forth above, this Court Denies Defendants' Motion to Dismiss and Remands this matter to CIS for completion of the FBI check.

s/Susan D. Wigenton, U.S.D.J.